UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY BLAIR, | Case No. 3:13-cv-105 |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Michael J. Newman |
| COMMISSIONSER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; (3) PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND BE DENIED; AND (4) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's opposition to Plaintiff's Statement of Errors (doc. 12), Plaintiff's reply (doc. 13), the administrative record[2] (doc. 7), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB on March 30, 2009 alleging a disability onset date of July 21, 2005. PageID 268-74. Plaintiff suffers from a number of impairments including, among others, chronic neck and low back pain, stress-related headaches, depression, and anxiety. PageID 81.

After initial denials of her application, Plaintiff received hearings before ALJ Thomas R. McNichols, II on October 17, 2011 and March 7, 2012. PageID 98-187. On March 15, 2012, ALJ McNichols issued a written decision finding Plaintiff not disabled. PageID 78-92. Specifically, ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 1, 2011.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 21, 2005, through her date last insured of March 1, 2011 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: chronic neck and low back pain, attributed to degenerative disc disease with osteoarthritic changes; "stress-related" headaches, with infrequent migraines; depression; and anxiety (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the [ALJ] finds that, through the date last insured, the claimant had the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 404.1567(a) except that she must be free to alternate positions between sitting and standing at one-hour intervals throughout the workday. She can never stoop, kneel, crouch, crawl, climb ladders, ropes, or scaffolds; she can occasionally climb stairs, balance, push, pull, or perform work above shoulder level; and she can frequently perform fingering (fine manipulation). She needs to avoid all exposure to hazards. She is limited

> to low stress work (defined as no production quotas and no fast-paced work).
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a lease agent.  This work did not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1565).
>
> 7. The claimant was born [in] 1967, and was 44 years old, which is defined as a "younger individual age 18-44," on the date last insured.  The claimant subsequently changed age category to a "younger individual age 45-49" (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering her age, education, work experience, and [RFC], there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 21, 2005, the alleged onset date, through March 1, 2011, the date last insured (20 CFR 404.1520(1)).

PageID 80-92.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 55-59.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.     **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case.  PageID 78-92.  Plaintiff, in her Statement of Errors, also sets forth a summary of the evidence of record.  Doc. 9.  The Commissioner's response to the Statement of Errors offers no objections to the medical evidence presented by Plaintiff and, instead, incorporates the ALJ's recitation of relevant medical evidence.  Doc. 12 at PageID 846.  Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id.* at 773 (brackets added).

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work

experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains an RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

### III.

In her Statement of Errors, Plaintiff argues that: (A) the ALJ failed to properly weigh medical source opinions; specifically, a disability determination given by the Department of Veterans Affairs ("VA") and the opinions of state agency medical sources; (B) the ALJ failed to appropriately assess her post-traumatic stress disorder ("PTSD"); (C) the case should be remanded for an immediate award of benefits; and (D) new material evidence exists requiring a Sentence Six remand pursuant to 42 U.S.C. § 405(g). Doc. 9.

    A.    **Medical Source Opinions**

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy

of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527(d)(3); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Plaintiff first argues that the ALJ failed to properly assess and determine the weight to be given a disability determination made by the VA. PageID 829-33. Plaintiff appears to argue that

the VA's disability determination is akin to a treating source opinion entitled to controlling weight.  Doc. 9 at PageID 830.  Notably, however, the Commissioner's regulations provide that:

> A decision by . . . any other governmental agency about whether you are disabled . . . is based on its rules and is not our decision about whether you are disabled[.]  We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us.

20 C.F.R. § 404.1504.  Simply put, "the decision of another governmental agency is not binding on the Commissioner[.]"  *Rothgeb v. Astrue*, 626 F.Supp.2d 797, 809 (S.D. Ohio 2009).  Nevertheless, the ALJ must "consider it" and "articulate reasons for the amount of weight he or she assigns to that decision."  *Id*. (citations omitted)); *see also LaRiccia*, 549 F. App'x at 388 (stating that an ALJ must provide "reasons for the weight afforded the VA disability determination").

With regard to weight, the Sixth Circuit recently reiterated its conclusion "that a disability rating from the [VA] is entitled to consideration, but we have not specified the weight such a determination should carry when determining [S]ocial [S]ecurity disability eligibility."  *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (citation omitted).  Instead, "the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case[,]" and "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so."  *King v. Comm'r of Soc. Sec.*, 779 F.Supp.2d 721, 727 (E.D. Mich. 2011) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

Here, the ALJ stated that he "considered the [VA's] determination," but failed to specifically state the weight assigned.  PageID 90.  It appears that the ALJ afforded such determination little to no weight, but the explanation for this apparent conclusion is not entirely

clear. Instead, the ALJ simply stated that, "for the reasons discussed above, the undersigned finds that the residual functional capacity . . . for a reduced range of sedentary work adequately accounts for the claimant's back and neck pain, headaches, depression, anxiety, and history of PTSD." PageID 90. The ALJ's decision preceding this statement sets forth multiple reasons, and the Court is left to speculate which of "the reasons discussed above" actually apply to the specific determinations offered by the VA. PageID 87-90. The undersigned concludes that in the absence of some meaningful explanation by the ALJ regarding the weight actually accorded the VA's disability determination, and the specific reasons therefor, "the Court on review is left to speculate on the ALJ's rationale[.]" *King*, 779 F Supp.2d at 726.

Accordingly, the undersigned concludes that "[t]he record on the VA's disability determination has not been developed, and the Court cannot determine that substantial evidence supports the ALJ's determination." *Id*. at 727. As a result, the undersigned recommends that the ALJ's non-disability finding be reversed as unsupported by substantial evidence.[3]

    **B.    PTSD as a Severe Impairment**

In her second assignment of error, Plaintiff argues that the ALJ erred in failing to identify her PTSD as a severe impairment. Doc. 9 at PageID 834-36. The Court's review of the ALJ's decision, however, reveals that the ALJ did, in fact, consider Plaintiff's PTSD to be a severe impairment. PageID 81. Specifically, the ALJ stated:

---

[3] The undersigned, however, finds no merit to Plaintiff's contention that the ALJ erred in meaningfully explaining the weight given to state agency medical sources. Doc. 9 at PageID 832. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). Such explanation must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009). Here, the ALJ's decision demonstrates sufficient consideration of the factors set forth in 20 C.F.R. § 404.1527(c) when assessing the weight given the opinions from state agency medical sources. PageID 88-90.

> The claimant has also been evaluated for mental and emotional complaints. Consultative psychologist Alan Boerger, Ph.D., evaluated the claimant on July 19, 2009, and he diagnosed an anxiety disorder, not otherwise specified, an adjustment disorder with depressed mood, and post-traumatic stress disorder (PTSD)[.]
>
> The above impairments significantly interfere with the claimant's ability to engage in basic work-related activities. Therefore, those impairments are "severe" within the specialized meaning of the Social Security Act.

*Id.* (internal citations omitted).

Even if the ALJ had failed to identify Plaintiff's PTSD as a severe impairment, the undersigned would find no merit to this contention. No reversible error is committed at Step Two where the ALJ determines the claimant has at least one other severe impairment, and then considers all of the claimant's other alleged impairments in the subsequent steps of the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

  **C.**  **Remand for Further Proceedings**

Having found that the Commissioner failed to adequately explain the weight given to the VA's disability determination, and having concluded that the ALJ failed to provide meaningful explanation for apparently discarding that determination, the next issue is whether this case should be remanded for further proceedings or for an immediate award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also*

*Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. In fact, as noted by the ALJ, there is no opinion in the record from any treating source detailing specific limitations that would support a disability finding. PageId 89. Accordingly, the undersigned concludes that a remand is proper for further proceedings, including a developed assessment of the weight accorded the VA's disability determination and a meaningful explanation concerning such assessment.

### D. Sentence Six Remand

Finally, Plaintiff argues that this case should be remanded under sentence six of 42 U.S.C. § 405(g) because she submitted new and material evidence to the Appeals Council. Doc. 9 at PageID 836-37. Plaintiff contends that she was unable to obtain these records before her administrative hearings despite the fact that the treatment detailed in those records preceded the date of the supplemental hearing before the ALJ. *Id*. The Commissioner argues that the records submitted to the Appeal Council are not material because those records concern treatment occurring after the date Plaintiff was last insured. Doc. 12 at PageID 85-54. The Commissioner also points to Plaintiff's lack of any specific argument as to how this evidence could have altered the ALJ's conclusion. *Id*.

"To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted). The Court is strongly committed to reaching the merits of every case, particularly Social Security disability cases where there is a possibility that a plaintiff is entitled to DIB benefits. *See Goldsmith v. Comm'r of Soc. Sec.*, No. 3:12-cv-191, 2013 WL 3989642, at *5

(S.D. Ohio Aug. 2, 2013). If there were a reasonable and legitimate basis for such a remand, the Court would make such a recommendation. The Court, however, is constrained by the United States Supreme Court's opinion in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), that holds that a Sentence Six remand is permitted only when, *inter alia*, the medical records in question are "material" to the question of Plaintiff's disability. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-88 (6th Cir. 2006).

Medical evidence concerning a time after a claimant's date last insured "is only minimally probative." *Jones v. Comm'r of Soc. Sec.*, No. 96-2173, 1997 WL 413641, at *1 (6th Cir. July 17, 1997) (citing *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). Such evidence can "only [be] considered to the extent it illuminates a claimant's health before the expiration of his or her insured status." *Id*. (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)).

Here, the "new" evidence consists of treatment rendered after the date Plaintiff was last insured. Further, Plaintiff merely sets forth the conclusory assertion that the "new evidence . . . is material because it shows further proof of the severity of [my] disability and provides the most recent evidence indicating [my] severe impairments." Doc. 9 at PageID 837. Plaintiff, however, fails to point to any specific portion of those records that could possibly change the ALJ's determination and, therefore, even if those records were material, Plaintiff fails to satisfy her burden in proving so. Accordingly, the undersigned recommends that Plaintiff's request for a Sentence Six remand be denied. *Cf. Sustaita v. Comm'r of Soc. Sec.*, No. 1:08-CV-566, 2009 WL 3153157, at *6 (W.D. Mich. Sept. 25, 2009) (denying a Sentence Six remand, in part, on the basis that Plaintiff "fails to discuss, let alone demonstrate, the materiality and good cause necessary for such a remand").

Nevertheless, because the undersigned recommends that this case be remanded for further proceedings under the fourth sentence of 42 U.S.C. § 405(g), *see supra*, should Judge Rice agree that remand is proper, the undersigned further recommends that the ALJ not be precluded from "consider[ing] these records as well as the material previously reviewed" on remand. *Morris v. Comm'r of Soc. Sec.*, No. 12-14922, 2013 WL 5853272, *2 n.2 (E.D. Mich. Oct. 30, 2013) (citing *Faucher,* 17 F.3d 171 (annotation and further citation omitted)).

### IV.

For the foregoing reasons, the Court finds merit to Plaintiff's argument that the ALJ failed to appropriately explain the weight given the VA's disability determination and also failed to adequately provide meaningful reasons for rejecting such determination in its totality.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion;

3. Plaintiff's request for a Sentence Six remand be **DENIED**, but that the ALJ not be precluded from reviewing new evidence on remand if material; and

4. This case be **CLOSED**.


Date:  July 25, 2014                           *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).