IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KIMBERLY BLAIR,

       Plaintiff,                                Case No.: 3:13-cv-105

vs.

COMMISSIONER OF                    District Judge Walter H. Rice
SOCIAL SECURITY,                   Magistrate Judge Michael J. Newman

       Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $3,573.00. Doc. 17. The Commissioner did not file a memorandum in response to Plaintiff's motion, and the time for doing so has expired. The undersigned has carefully considered Plaintiff's motion and the attachments thereto, and the unopposed motion for attorney's fees is now ripe for decision.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Judge Rice, upon consideration of the undersigned's Report and Recommendation (doc. 14), reversed the Commissioner's non-disability finding and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further administrative proceedings. Doc. 15. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 19.20 hours on this case. Doc. 17-1 at PageID 887. At the requested amount of $3,573.00, this calculates as $186.12 per hour -- an hourly rate that has not been challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time expended reasonable. *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-CV-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application). Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $3,573.00.

### III.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's unopposed motion for an EAJA fee award (doc. 17) be **GRANTED**;

2. Plaintiff be **AWARDED** the sum of $3,573.00 in EAJA fees; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

Date:   February 2, 2015                                  s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).